UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REMMY AGUILAR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REGIONS BANK,<br><br>Defendant. | Case No. 1:21-cv-2066 |

**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Remmy Aguilar, individually and on behalf of all others similarly situated, by and through her attorneys Brown, LLC and Macey Swanson LLP (hereinafter "Macey Swanson Hicks & Sauer"), hereby brings this Collective and Class Action Complaint against Defendant Regions Bank and states as follows:

**INTRODUCTION**

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff Remmy Aguilar individually and on behalf of all similarly situated persons employed by Defendant Regions Bank, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and Indiana Code § 22-2-5-1.

2. Defendant is a financial institution providing retail and commercial banking, trust, stockbrokerage, and mortgage services.

3. Plaintiff and the members of the putative collective and class were employed by Defendant as hourly-paid, non-exempt Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly employees, and were

responsible for, *inter alia*, calling clients and potential clients, scheduling appointments, and growing the branch.

4. Defendant failed to pay hourly paid, non-exempt employees for off-the-clock work performed before the beginning of their scheduled shifts, after the end of their scheduled shifts, and during shifts while clocked-out for meal breaks, including time worked in excess of forty (40) hours in a workweek.

5. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the "FLSA Collective," defined as: *All current and former Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly-paid employees who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment*. See 29 U.S.C. §§ 207(a)(1); 216(b).

6. Plaintiff seeks unpaid straight-time wages and liquidated damages pursuant to Indiana Code § 22-2-5-1 on behalf of herself and the "Rule 23 Indiana Class," defined as: *All current and former Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly-paid employees who worked for Defendant in Indiana at any time within the two years preceding the commencement of this action and the date of judgment*.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because that claim derives from same nucleus of operative facts as Plaintiff's federal claim.

9. The court has personal jurisdiction over Defendant because it has systematic and continuous contacts with the State of Indiana, and Plaintiff's claims arise out of those contacts.

10. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

11. Plaintiff Remmy Aguilar is a resident of Marion County Indiana, and has been employed by Defendant as an hourly-paid Banker and Assistant Branch Manager from approximately February 2017 through August 2020. Plaintiff worked at several of Defendant's bank branches in Indianapolis, Indiana.

12. Plaintiff Aguilar signed a consent form to join this lawsuit. *See* Exhibit 1.

13. Defendant Regions Bank is a foreign financial institution and is headquartered in Birmingham, Alabama.

14. Defendant's registered agent for service in Indiana is Corporation Service Company, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

## FACTUAL ALLEGATIONS

15. Defendant employed Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other similarly situated employees to handle telephone calls with Defendant's customers and potential clients, schedule appointments, and grow their branches.

16. Defendant classified such employees as non-exempt employees and paid them on an hourly basis without any guaranteed, predetermined amount of pay per week.

17. Defendant knowingly suffered and permitted non-exempt, hourly-paid employees to assist in opening the branch where they were/are employed.

18. Defendant knowingly suffered and permitted non-exempt, hourly-paid employees who were/are assigned to open bank branches to engage in significant pre-shift security procedures, both outside and inside the building, prior to being permitted to clock-in.

19. After employees completed the security procedures, they had to turn on their computers, wait for the computers to boot-up, and then open a program to clock-in.

20. The computer program used by Defendant to track non-exempt, hourly-paid employees' work hours recorded/records the time that they clocked/clock in.

21. The computer program did not permit employees to record any of the time they worked prior to clocking in.

22. Defendant knowingly suffered and permitted non-exempt, hourly-paid employees to travel between branches during shifts while clocked-out.

23. Defendant knowingly suffered and permitted non-exempt, hourly-paid employees to perform post-shift tasks while clocked-out, including, but not limited to, delivering paperwork and receiving signature cards.

24. Defendant knowingly suffered and permitted non-exempt, hourly-paid employees to complete tasks during meal breaks while clocked out.

25. Defendant required non-exempt, hourly-paid employees to undergo training to maintain a state license directly related to their employment while they are clocked-out.

26. At all relevant times, Defendant controlled non-exempt, hourly-paid employees' work schedule, duties, protocols, applications, assignments and employment conditions.

27. Defendant's policies that require work for which non-exempt, hourly-paid employees are not paid include, but are not limited to, the foregoing, and are compensable under the FLSA and Indiana law because it was required by and benefited Defendant, and because it was integral and indispensable to employees' work.

28. In many weeks, the hours worked for which Defendant failed to pay non-exempt, hourly-paid employees were in excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of employees' regular rates of pay, but were not paid at all.

29. As a result of these policies, there were many weeks in which Plaintiff and similarly situated employees were not paid their hourly rate of pay for all hours worked, and/or overtime compensation for hours worked in excess of forty (40) hours.

30. Defendant knew and/or recklessly disregarded that its Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly employees were working hours in addition to those for which they were scheduled and/or reported in the timekeeping system.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually on their own behalf and on behalf of:

> *All current and former Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly-paid employees who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

(hereinafter referred to as the "Collective"). Plaintiff reserves the right to amend this definition as necessary.

32. Excluded from the Collective are Defendant's executives, administrative and professional employees, including computer professionals and outside sales persons.

33. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The Collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

34. The employment relationships between Defendant and every Collective member are the same and differ only in name, location, and rate of pay. The key issues – the amount of uncompensated pre-shift, mid-shift, and post-shift time owed to each employee – do not vary substantially from Collective member to Collective member.

35. The key legal issues are also the same for every Collective member, to wit: uncompensated pre-shift, mid-shift, and post-shift time is compensable under the FLSA.

36. Plaintiff estimates that the Collective, including both current and former employees over the relevant period, will include hundreds of members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 CLASS ALLEGATIONS

37. Plaintiff brings her Indiana state law claims as a Rule 23 class action on her own behalf and on behalf of:

> *All current and former Assistant Branch Managers, Bankers, Tellers, Head Tellers, Financial Relationship Specialists, and other non-exempt, hourly-paid employees who worked for Defendant in Indiana at any time within the two years preceding the commencement of this action and the date of judgment.*

(hereinafter referred to as the "Rule 23 Indiana Class"). Plaintiff reserves the right to amend this definition as necessary.

38. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid wages,

liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to Indiana Code § 22-2-5-1.

39. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 100 hundred class members. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

40. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

41. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay wages for all hours worked. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

42. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay wages for all hours worked. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

43. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and

hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

44. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

45. Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*.**

46. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

47. At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

48. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

49. In addition, Plaintiff and the FLSA Collective members were themselves engaged in commerce, and thus subject to individual coverage under the FLSA.

50. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

51. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and other Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

52. Plaintiff and other Collective members regularly worked in excess of 40 hours in a workweek.

53. At all times relevant to this action, Defendant suffered and permitted Plaintiff and other Collective members to perform pre-shift, mid-shift, and post-shift work as described herein, but failed to pay these employees the federally mandated overtime compensation for such time.

54. The uncompensated pre-shift, mid-shift, and post-shift work performed by Plaintiff and other Collective members was an essential part of their jobs and these activities and the time employees spent performing these activities is not *de minimis*.

55. In workweeks where Plaintiff and other Collective members worked in excess of 40, the uncompensated pre-shift, mid-shift, and post-shift time should have been paid them at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

56. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined how long it took for its employees to complete the pre-shift, mid-shift, and post-shift activities and Defendant could have properly compensated Plaintiff and the Collective for such time, but did not.

57. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## COUNT II
### (Brought Individually and as a Rule 23 Class)
### (Breach of Indiana Wage Payment Statute, Ind. Code § 22-2-5-1, et seq.)
### [Failure to Pay Straight Time Wages]

58. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

59. Indiana Code § 22-2-5-1 states in relevant part:

Payment shall be made for all wages earned to a date not more than ten (10) business days prior to the date of payment.

Ind. Code § 22-2-5-1(b).

60. Defendant is an "employer" within the meaning of the Indiana Code.

61. Plaintiff and other members of the Rule 23 Indiana Class are "employees" within the meaning of the Indiana Code.

62. Defendant agreed to pay Plaintiff and other members of the Rule 23 Indiana Class for all hours worked, as evidenced by Defendant paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendant's time-keeping systems in order to be paid, or not paid, for any time.

63. Defendant promulgated a formal (but ineffectual) policy of paying Plaintiff and other members of the Rule 23 Indiana Class for all hours worked, as evidenced by Defendant paying them an hourly rate of pay, furnishing them paystubs showing their agreed hourly rates, and instructing them to use Defendant's time-keeping system in order to be paid, or not paid, for any time.

64. Defendant failed to pay Plaintiff and other members of the Rule 23 Indiana Class for all hours worked, contrary to the foregoing agreement and formal policy.

65. Plaintiff, individually and on behalf of the Rule 23 Indiana Class, demands

judgment against Defendant for total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and such other and further relief as may be just and proper pursuant to Ind. Code § 22-2-5-1.

### RELIEF REQUESTED

WHEREFORE, Plaintiff, Remmy Aguilar, requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claim set forth herein (Count I);

b. Determining that the state law claim may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure (Count II);

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. Designating Plaintiff as a representative FLSA Collective undersigned counsel as class counsel for the same;

e. Designating Plaintiff as a representative of the Indiana Rule 23 Class in this action and undersigned counsel as Class counsel for the same;

f. Declaring Defendant violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g. Declaring Defendant violated Ind. Code § 22-2-5-1;

h. Declaring Defendant's violations of the FLSA and Ind. Code § 22-2-5-1 were willful;

i. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages and liquidated damages available by law;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by the FLSA and Ind. Code § 22-2-5-1;

k. Approving incentive awards to Plaintiff for serving as the representative of the FLSA Collective and Rule 23 Classes in this action;

l. Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective and Rule

       23 Class on these damages;

m. Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 class members may be entitled; and

n. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Remmy Aguilar, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

                                                     RESPECTFULLY SUBMITTED,

Dated: July 20, 2021                  By:   /s/ Robert A. Hicks
                                                           Robert A. Hicks, Esq.
                                                           Macey Swanson Hicks & Sauer
                                                           445 N. Pennsylvania Street, Suite 401
                                                           Indianapolis, Indiana 46204
                                                           T: (317) 637-2345, Ext. 126
                                                           F: (317) 637-2369
                                                           rhicks@maceylaw.com

                                                           *Local Counsel for Plaintiff*

                                                           Nicholas Conlon*
                                                           Brown, LLC
                                                           111 Town Square Pl Suite 400
                                                           Jersey City, NJ 07310
                                                           T: (877) 561-0000
                                                           F: (855) 582-5297
                                                           nicholasconlon@jtblawgroup.com

                                                           *Application for Admission Pro Hac Vice Forthcoming*

                                                           *Lead Counsel for Plaintiff*